# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BEAR DEVELOPMENT, LLC,

        Plaintiff,

v.                                                Case No. 10-CV-1141

CITY OF KENOSHA, and REDEVELOPMENT
AUTHORITY OF THE CITY OF KENOSHA,

        Defendants.

## ORDER

On June 29, 2011, defendants City of Kenosha and Redevelopment Authority of the City of Kenosha (collectively, "Kenosha") filed a Motion to Dismiss for Improper Venue (Docket #16). While Kenosha argues that a forum-selection clause contained in the contract at issue requires the action be litigated in Kenosha County Circuit Court, the court finds Kenosha has waived that defense and will, therefore, deny the motion.

Every defense to a claim for relief "must be asserted in the responsive pleading," with the exception of seven particular defenses that may instead be made by motion. Fed. R. Civ. P. 12(b). Included in those seven is the defense of improper venue. Fed. R. Civ. P. 12(b)(3). If a defense is made by motion rather than by responsive pleading it "must be made before pleading." Fed. R. Civ. P. 12(b). Further, the improper venue defense is waived if not raised by motion under Rule 12 or by responsive pleading (or proper amendment). Fed. R. Civ. P. 12(h)(1). Here,

Kenosha never raised an objection to venue in its answer, nor did it make the instant motion to dismiss prior to filing its answer. At best, Kenosha can point to affirmative defense "f," which states, "Plaintiff may have failed to exhaust avenues for relief in forums other than in United States Federal District Court." (Ans., Affirmative Defense f) (Docket #4). However, this statement is not a clear objection to venue, but rather a vague reference to exhaustion, which may be tangentially related, but is a separate legal concept. Exhaustion is typically a jurisdictional requirement, *see e.g.*, 73 C.J.S. *Public Administrative Law and Procedure* § 99, and thus a failure to exhaust makes a venue improper only to the same extent that any other lack of jurisdiction makes a venue improper.[1] Further, Bear points to a letter from Kenosha's counsel explaining the defense:

> The exhaustion defense was pled because the Wisconsin discrimination laws, although containing provisions for civil claims, are predominately geared towards department enforcement actions. According to the Attorney General, the Wisconsin housing law permits, but does not require, the department to receive and process complaints of housing discrimination. 70 Atty. Gen. 250. This view has never been tested in the courts and not by a civil action against a municipality. Therefore, it may be the case that Bear filed the Wisconsin discrimination claim without first requesting administrative proceedings against the City.

(House Decl. Ex. 3) (Docket #24). Without deciding whether a letter that specified an objection to venue would suffice, there is no objection contained in the letter. Kenosha contends that Bear did not separately allege venue in the complaint, and

---

[1] If asserting a defense that would result in dismissal and thereby make the venue "improper" qualified as asserting the improper venue defense, then the defense itself would be superfluous.

-2-

that it otherwise rejected Bear's interpretation of the contract at issue in its answer. But Bear's failure to allege venue in the complaint is irrelevant because Rule 12 places the burden on the defendant to either assert the defense or to waive it. There is no exception when a plaintiff does not specifically allege venue. What's more, a general rejection of Bear's interpretation of the contract does not itself state an objection to venue. And in any event, without Bear alleging venue, the complaint is silent as to Bear's "interpretation" of the forum-selection clause. As such, it is plain that Kenosha's answer does not raise an objection to venue, and it is undisputed that no motion to dismiss for improper venue was made prior to the answer. Thus, by the plain language of Rule 12, Kenosha has waived any objection to venue.

Kenosha makes a number of arguments in an attempt to avoid waiver, but none succeed. Kenosha argues that nowhere has it waived enforcement of the forum-selection clause, and that it was never presented with a stipulation or request for admission to waive the issue, but that is immaterial. It *has* waived enforcement simply by failing to properly raise the defense; waiver is controlled by conformance with Rule 12. Kenosha also complains that it would be unreasonable for a plaintiff to assume that no motion to dismiss would be made given the plain language of the forum-selection clause, as well as the location of the parties and witnesses in this case. But that argument is equivalent to stating that it would be unreasonable for a plaintiff to assume that a defendant will follow the Federal Rules of Civil Procedure, and that argument cannot prevail.

Kenosha then attempts to point to case law establishing that objection to venue need not be raised as an affirmative defense. *ISA Chi. Wholesale, Inc. v. Swisher Int'l, Inc.*, No. 08-C-3461, 2009 WL 971432, at *2 (N.D. Ill. April 7, 2009). While an accurate description of *ISA*'s holding, that case still acknowledged that an objection to venue must be raised in the answer, or by motion prior to an answer. *Id.* There, though the defendant had not labeled its objection as an "affirmative defense," it had indeed specifically denied the complaint's allegations with regard to venue. *Id.* That has not occurred in this case, as Kenosha never mentioned venue, nor made a denial of venue allegations in the complaint. Kenosha also cites a number of cases seemingly to establish that the length of time taken to file the instant motion did not result in waiver. Each case, however, involved a defendant that had actually objected to venue in the answer, but simply waited before later making the motion to dismiss. *Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.*, 364 F.3d 884, 887-88 (7th Cir. 2004) (holding nine-month delay in filing motion after complaint not waiver where case stayed and no other pleading made); *Sharpe v. Jefferson Distrib. Co.*, 148 F.3d 676, 679-80 (7th Cir. 1998) (holding motion improper where defendant earlier conceded venue in its answer), *abrogated on other grounds by Papa v. Katy Indus., Inc.*, 166 F.3d 937 (7th Cir. 1999); *Broad. Co. of the Carolinas v. Flair Broad. Corp.*, 892 F.2d 372, 377-78 (4th Cir. 1989) (holding motion to dismiss for improper venue six months after complaint proper where answer "contained a specific objection to venue"), *superseded on other grounds by statute,*

28 U.S.C. § 1391; *Shaw v. United States*, 422 F. Supp. 339, 341 (S.D.N.Y. 1976) (holding motion thirteen months after complaint, ten months after answer, and six months after discovery proper where objection was originally raised in answer). Thus, while the length of time between Kenosha's answer and the filing of the instant motion might not itself lead to waiver, Kenosha's failure to first raise the objection in its answer *does* constitute waiver. As such, none of Kenosha's arguments change the court's original analysis. Because Kenosha failed to raise an objection to venue in its answer, or by motion prior to its answer, it has waived the defense and the court will deny the motion.

Accordingly,

**IT IS ORDERED** that the defendants' Motion to Dismiss for Improper Venue (Docket #16) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of August, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge